1    Ronald P. Oines (State Bar No. 145016)
     roines@rutan.com
2    Benjamin C. Deming (State Bar No.233687)
     bdeming@rutan.com
3    Kathryn Domin (State Bar No. 274771)
     kdomin@rutan.com
4    RUTAN & TUCKER, LLP
     611 Anton Boulevard, Fourteenth Floor
5    Costa Mesa, California 92626-1931
     Telephone:  714-641-5100
6    Facsimile:   714-546-9035

7    Attorneys for Plaintiff, ALTAIR INSTRUMENTS,
     INC.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

| 12  ALTAIR INSTRUMENTS, INC., a California corporation, | Case No. |
|---|---|
| 13                    Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| 14            vs. | **DEMAND FOR JURY TRIAL** |
| 15  TROPHY SKIN, INC., a Texas corporation; AHALIFE HOLDINGS, INC., a Delaware corporation; QVC, INC., a Delaware corporation; THE NEIMAN MARCUS GROUP, LLC, a Delaware limited liability company; LOVELY SKIN, INC.; a Nebraska corporation; JELLEN PRODUCTS, INC., a Florida corporation; JOYUS, INC., a Delaware corporation; SUNSET PARK MASSAGE SUPPLIES, an entity of unknown form; DERMSTORE, LLC, a Delaware limited liability company; DRUGSTORE.COM, INC., a Delaware corporation; MAMA MIO US, INC., a Delaware corporation; THE BEAUTY STORE OF AUSTIN-WESTON, an entity of unknown form; and DOES 1 through 10, |  |
| 16 |  |
| 17 |  |
| 18 |  |
| 19 |  |
| 20 |  |
| 21 |  |
| 22 |  |
| 23 |  |
| 24 |  |
| 25                    Defendants. |  |
| 26 |  |

27

28        Plaintiff ALTAIR INSTRUMENTS, INC. ("Altair") as its Complaint against

Rutan & Tucker LLP
attorneys at law

2118/024004-0023
9684222.2 a08/02/16                  -1-        COMPLAINT FOR PATENT
                                               INFRINGEMENT; DEMAND FOR JURY
                                               TRIAL

1  Defendants TROPHY SKIN, INC., ("Trophy Skin"), AHALIFE HOLDINGS, LLC

2  ("Aha"), QVC, Inc. ("QVC"), THE NEIMAN MARCUS GROUP, LLC ("Neiman

3  Marcus"), LOVELY SKIN, INC. ("Lovely Skin"), JELLEN PRODUCTS, INC.

4  ("Jellen"), JOYUS, INC. ("Joyus"), SUNSET PARK MASSAGE SUPPLIES

5  ("Sunset"), DERMSTORE, LLC ("Dermstore"), DRUGSTORE.COM, INC.

6  ("Drugstore.com"), MAMA MIO US, INC. ("Mama Mio"), THE BEAUTY STORE

7  OF AUSTIN-WESTON ("Beauty Store") and Does 1 through 10, inclusive

8  (collectively, "Defendants") alleges as follows:

9                              **JURISDICTION AND VENUE**

10       1.      This is an action for patent infringement arising under the Patent Laws

11  of the United States, Title 35, United States Code.  This Court has jurisdiction over

12  the subject matter of this action pursuant to 28 U.S.C. § 1338(a) (action arising

13  under an Act of Congress relating to patents) and 28 U.S.C. § 1331 (federal

14  question).

15       2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b)

16  and 28 U.S.C. § 1391(c).  On information and belief, Defendants reside in this

17  judicial district because, among other things, Defendants sell and have sold and/or

18  offer to sell in this judicial district products that infringe the patent-in-suit.

19                                  **THE PARTIES**

20       3.      Plaintiff Altair is a California corporation with its principal place of

21  business at 1834 Palma Drive, Suite F, Ventura, California 93003.

22       4.      On information and belief, defendant Trophy Skin is a Texas

23  corporation with a principal place of business located at 4372 Kenmare Trl, Frisco,

24  Texas 75034.

25       5.      On information and belief, defendant Aha is a Delaware corporation

26  with a principal place of business located at 45 Bond Street, 4th Floor, New York,

27  New York 10012.

28       6.      On information and belief, defendant QVC. is a Delaware corporation

COMPLAINT FOR PATENT
INFRINGEMENT; DEMAND FOR JURY
TRIAL

1   with a principal place of business located at 1200 Wilson Dr., West Chester,

2   Pennsylvania 19380.

3         7.     On information and belief, defendant Neiman Marcus is a Delaware

4   limited liability company with a principal place of business located at 1618 Main

5   Street, Dallas, Texas 75201.

6         8.     On information and belief, defendant Lovely Skin is a Nebraska

7   corporation with a principal place of business located at 632 N 159th Street, Omaha,

8   Nebraska 68118.

9         9.     On information and belief, defendant Jellen is a Florida corporation

10  with a principal place of business located at 8374 Market Street, Suite 101,

11  Lakewood Ranch, Florida 34202.

12        10.    On information and belief, defendant Joyus is a Delaware corporation

13  with a principal place of business located at 375 Alabama Street, Ste. 325, San

14  Francisco, California 94110.

15        11.    On information and belief, defendant Sunset is a business of unknown

16  form owned and operated by Stephanie Pisarski, and owns and operates the website

17  at www.massagesupplies.com.

18        12.    On information and belief, defendant Dermstore is a Delaware limited

19  liability company with a principal place of business located at 2301 Rosecrans Ave.,

20  Suite 2100, El Segundo, California 90245.

21        13.    On information and belief, defendant Drugstore.com is a Delaware

22  corporation with a principal place of business located at 300 Wilmot Road.,

23  Deerfield, Illinois 60015.

24        14.    On information and belief, defendant Mama Mio is a Delaware

25  corporation with a principal place of business located at 555 California Street, Suite

26  4925, San Francisco, CA 94104.

27        15.    On information and belief, defendant Beauty Store is a business of

28  unknown form which owns and operates the website at www.awbeautystore.com.

COMPLAINT FOR PATENT
INFRINGEMENT; DEMAND FOR JURY
TRIAL

16.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Altair, which therefore sues said defendants by such fictitious names.  Altair will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained.  Altair is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

17.     Altair alleges on information and belief that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to Altair for the damages and relief sought herein.

18.     Altair alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## GENERAL ALLEGATIONS

19.     On June 5, 2001, United States Patent No. 6,241,739, entitled "Microdermabrasion Device And Method Of Treating The Skin Surface" ("the '739 patent"), was duly and legally issued by the United States Patent and Trademark Office (the "USPTO").

20.     By assignment, Altair is the owner of all rights, title and interest in and to the '739 patent, including all rights to recover for any and all past infringement thereof.  A true and correct copy of the '739 patent, with Reexamination Certificates, is attached hereto as **Exhibit "A**."  Altair has given notice to the public of its patent by marking its own products with the '739 patent in conformity with 35 U.S.C. § 287(a).

2118/024004-0023
9684222.2 a08/02/16

-4-

COMPLAINT FOR PATENT
INFRINGEMENT; DEMAND FOR JURY
TRIAL

utan & Tucker LLP
attorneys at law

## CLAIM FOR RELIEF

### (Infringement of the '739 Patent)

21.     Altair realleges each and every allegation set forth in paragraphs 1 through 20 above, and incorporates them herein.

22.     Defendants make, use, sell, offer to sell, and/or import into the United States, including in this Judicial District, one or more of the microdermabrasion devices known as the "MicrodermMD," "RejuvadermMD," and the "MiniMD," (the "Accused Devices") each of which contains each and every element of independent claim 1 and dependent claims 2, 3, 5, 6 and 8, independent claim 9 and dependent claim 10, independent claim 12 and dependent claims 13 and 14, and independent claim 16 and dependent claims 17 and 18 of the '739 Patent.  Users of the Accused Devices also infringe the '739 patent.  Defendants have infringed and are infringing the '739 patent and will continue to do so, unless enjoined by this Court. Defendants directly infringe the '739 patent, and are also liable for contributory infringement and induced infringement.

23.     On October 16, 2014, Altair sent a copy of the '739 patent to defendant Trophy Skin.  At that time, the '739 patent was involved in an ongoing reexamination proceeding at the USPTO.  Despite Trophy Skin's knowledge of the '739 patent, Trophy Skin continued to infringe such patent.  On information and belief, all other Defendants were aware of the '739 patent at some point before or after they started selling the Accused Devices.  On information and belief, all Defendants currently are aware of the '739 patent and are aware that the sale, offer to sell and use of the MicrodermMD, RejuvadermMD and  MiniMD infringes the '739 patent.

24.     Defendants' infringement of the '739 patent has been and will continue to be willful, wanton and deliberate with full knowledge and awareness of Altair's patent rights, unless enjoined by this Court.

25.     Altair has been damaged in an amount to be determined at trial, but

COMPLAINT FOR PATENT
INFRINGEMENT; DEMAND FOR JURY
TRIAL

which is no less than a reasonable royalty, and has been   irreparably injured by Defendants' infringing activities.  Altair will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

### **PRAYER**

WHEREFORE, Altair prays for the following relief:

    a.    Preliminary and permanent injunctions pursuant to 35 U.S.C. § 283 enjoining and restraining Defendants, their officers, directors, agents, employees, successors and assigns, and all those acting in privity or concert with Defendants or any of them, from further infringement of the '739 patent;

    b.    A judgment by the Court that Defendants have infringed and are infringing the '739 patent;

    c.    An award of damages for infringement of the '739 patent, together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

    d.    An award of Altair's reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

    e.    Altair's costs of suit herein; and

    f.    For such other and further relief as this Court deems just and proper.

Dated:  August 2, 2016

RUTAN & TUCKER, LLP
RONALD P. OINES
BENJAMIN DEMING
KATHRYN DOMIN


By: _/s/ Ronald P. Oines_
    Ronald P. Oines
    Attorneys for Plaintiff ALTAIR
    INSTRUMENTS, INC.

1

## **DEMAND FOR JURY TRIAL**

2          Altair hereby demands a trial by jury.

3   Dated:  August 2, 2016                    RUTAN & TUCKER, LLP
                                              RONALD P. OINES
4                                             BENJAMIN DEMING
                                              KATHRYN DOMING
5

6                                             By:  */s/ Ronald P. Oines*
                                                  Ronald P. Oines
7                                                 Attorneys for Plaintiff
                                                  ALTAIR INSTRUMENTS, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker LLP
attorneys at law